# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-21828-KMM

SYNCHRONY BANK,

     Plaintiff,

v.

CABINETS TO GO, LLC,

     Defendant.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Synchrony Bank's Motion Pursuant to Federal Rule of Civil Procedure 60(a) to Calculate Amount of Prejudgment Interest Award ("Motion" or "Mot.") (ECF No. 197). The Court referred the Motion to the Honorable Lauren F. Louis, United States Magistrate Judge, to take all necessary and proper action as required by law and issue a Report and Recommendation. (ECF No. 199). On June 6, 2024, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 202), recommending that the Motion be GRANTED, in part, and DENIED, in part. Plaintiff timely filed Objections ("Objs.") (ECF No. 203) and Defendant filed a Response ("Resp.") (ECF No. 204). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

## I.     BACKGROUND

This is a breach of contract action. (ECF No. 1). Plaintiff, a federally-chartered savings association, and Defendant, a Florida limited liability company, entered into a retailer program agreement (the "Agreement"), within which Plaintiff agreed to provide its open-end credit program to qualified customers of Defendant. R&R at 1–2.

On May 14, 2021, Plaintiff commenced this action claiming that Defendant agreed, among other things, (1) not to provide its customers a competing credit program, (2) to promote, accept, and process customer applications for credit cards, (3) to honor those cards as a method of payment, and (4) to display signage relating to the credit program during the term of the Agreement. *Id.* at 2. Plaintiff alleged that Defendant breached the terms of the Agreement when it ceased promoting the credit program and began to offer and promote a competing credit card program. *Id.*

The Court granted Plaintiff's Motion for Summary Judgment finding that Plaintiff performed its contractual obligations, but Defendant breached the Agreement by offering credit options to its customers to a new provider. (ECF No. 91). A bench trial was held on October 24 and 25, 2022 to decide the calculation of Plaintiff's damages and the Parties' claims to attorney's fees and costs. (ECF Nos. 143, 147). In its Findings of Fact and Conclusions of Law, the Court found Plaintiff's net loss as a result of Defendant's breach was $6,814,833.00. (ECF No. 172) at 18. This calculation was comprised of Plaintiff's lost profits of $6,764,833.00, and the loss of $50,000.00, the promised "Unamortized Second Amendment Extension Bonus," contained in Section 1.7 of the Second Amendment to the Agreement. *Id.* at 16. The Court, in relying on Plaintiff's witnesses, found Plaintiff was entitled to $6,764,833.00, plus the $50,000.00 bonus, and less $679,448.89 in funds Plaintiff had retained, resulting in an award of $6,135,384.11 in damages. *Id.* at 19. The Court further held that Plaintiff shall "recover prejudgment interest at the statutory rate pursuant to Utah Code Ann. § 15-1-1 (West)." *Id.*

Now, Plaintiff moves for an Order calculating the amount of prejudgment interest to which it is entitled. *See* Mot. at 2. The Parties agree that Plaintiff is entitled to prejudgment interest on the loss of $50,000 Unamortized Second Amendment Extension Bonus contained in Section 1.7

of the Second Amendment to the Agreement, equal to $15,149.86. R&R at 3.  Plaintiff asserts, however, that it is entitled to prejudgment interest on the total award of $6,135,384.11, inclusive of Plaintiff's lost profits from the date of Defendant's breach through the date of judgment, totaling $1,859,004.39. *Id.*

## II.    LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report."  *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions.  *Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015) (citation omitted); *see also Lopez v. Berryhill*, No. 1:17-CV-24263-UU, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (quoting *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III.    DISCUSSION

As set forth in the R&R, Magistrate Judge Louis recommends that Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 60(a) to Calculate Amount of Prejudgment Interest Award (ECF No. 197) be granted in part. *See* R&R at 10. Specifically, Magistrate Judge Louis recommends that the Court: (1) deny Plaintiff's Motion for prejudgment interest on the damages awarded based on lost profits, and (2) award Plaintiff prejudgment interest, without opposition from Defendant, on the loss of $50,000.00 Unamortized Second Amendment Extension Bonus, contained in Section 1.7 of the Second Amendment to the Agreement, totaling an award of $15,149.86 in prejudgment interest. *See id* at 10. In its objections, Plaintiff argues that (1) the Court already determined in its Findings of Fact and Conclusions of Law that Plaintiff is entitled to prejudgment interest on damages awarded based on lost profits, (2) Defendant waived its right to challenge the Court's finding that Plaintiff is entitled to prejudgment interest, and (3) that the R&R erroneously concludes that Utah law precludes an award of prejudgment interest on the full damages award to Plaintiff. *See generally* Mot. The Court addresses Plaintiff's arguments in turn.

First, as an initial matter, the Court's Findings of Fact and Conclusions of law provide that Plaintiff is entitled to pre and post-judgment interest. *See* (ECF No. 172) at 18–19. However, the Court makes no finding as to the amount of the award, nor as to which portion of damages Plaintiff is entitled to prejudgment interest on:

4

> Therefore, Plaintiff shall recover damages . . . in the amount of $6,814,833.00, calculated by adding the $50,000 from the Unamortized Second Amendment Extension Bonus to the $6,764,833 in lost profits. The $679,448.89 that Plaintiff retained as a result of Defendant's breach of the Agreement shall be credited towards the damages reward, meaning, in total, Plaintiff is entitled to a sum of $6,135,384.11. **Plaintiff shall also recover pre-judgment interest at the statutory rate pursuant to Utah Code Ann. § 15-1-1 (West).** Plaintiff shall recover postjudgment interest at the federal post-judgment interest rate.

*Id.* (emphasis added).  Plaintiff asserts that nothing in the Court's Order "singles out [the] $50,000 amount as the only sum subject to prejudgment interest."  Objs. at 5.  But the same could be true that nothing in the Court's Order purports to find that Plaintiff is entitled to prejudgment interest on the total award, inclusive of lost profits, an issue never argued before the Court.  The language in the Court's Findings of Fact and Conclusions of law is plain.  Accordingly, the Court overrules Plaintiff's objections with respect to the Court's determination that Plaintiff is entitled to prejudgment interest on the total award in its Findings of Fact and Conclusions of Law.

Plaintiff's second argument—that Defendant waived its right to challenge the Court's finding that Plaintiff is entitled to prejudgment interest—is similarly unpersuasive.  Plaintiff maintains that it at all times sought prejudgment interest on the entirety of its damages, which Defendant failed to object to.  *See* Objs. at 6.  In support, Plaintiff cites to Rule 59(e)'s prescribed 28-day period post-judgment, in which Defendant could have filed a motion challenging the Court's Findings of Fact & Conclusions of Law.  *Id.* at 7.  Plaintiff also argues that Defendant could have moved under Rule 60(b)(1) to correct the "mistake" in the Court's Order or in the final judgment.  *Id.* at 8.  Plaintiff notes that Defendant did file an appeal with respect to certain evidentiary issues, but it did not appeal, nor address the Court's determination regarding Plaintiff's entitlement to prejudgment interest. *Id.*  Plaintiff lastly cites to the Fifth Circuit case *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. Of Elec. Workers, Loc. No. 480, AFL-CIO*, 460 F.2d 105 (5th Cir. 1972), where the Fifth Circuit held that the district court lacked authority to amend a judgment

awarding prejudgment interest, because the issue was not raised on appeal nor timely addressed in a motion to amend or correct. *Id.* at 9.

Plaintiff's argument assumes incorrectly that the Court has already determined that Plaintiff is entitled to prejudgment interest on the entirety of the award amount, which the Court has already stated it has not. Plaintiff also incorrectly assumes that Defendant disputes Plaintiff's entitlement to prejudgment interest, which it does not. As set forth in the R&R, Defendant's challenge to an award of prejudgment interest inclusive of lost profits is timely filed in response to Plaintiff's instant Motion. R&R at 5; *see also* Resp. Plaintiff's reliance on *Gulf Coast* is further unavailing. There, the trial court could not address the issue of prejudgment interest because the "*entire* judgment including the prejudgment interest was affirmed on appeal" and "all issues therein were expressly or impliedly dispsed of on appeal." *Gulf Coast*, 460 F.2d at 108 (emphasis added). Here, although an appeal has been filed, the Eleventh Circuit granted a limited remand, specifically so that this Court could address the issue of prejudgment interest. *See* (ECF No. 201). Thus, Plaintiff's argument lacks merit where it was Plaintiff itself who requested a remand from the Eleventh Circuit to determine the very issue of prejudgment interest. Accordingly, the Court overrules Plaintiff's objections with respect to whether Defendant waived its right to challenge the Court's prejudgment interest findings.

Third, Plaintiff argues that the R&R improperly finds that Utah law precludes an award of prejudgment interest on Plaintiff's award for lost profits. *See* Objs. at 9–16. In support, Plaintiff cites to *Encon Utah, LLC v. Fluor Ames Kraemer, LLC*, where the Utah Supreme Court held that "[a] dispute, even between experts, as to the precise amount of damages does not necessarily preclude those damages from being measurable or calculable," in other words, a dispute does not preclude an award of prejudgment interest. 210 P.3d 263 (Utah 2009); Objs. at 11. Plaintiff further

relies on *Smith v. Fairfax Realty, Inc.* to assert that an award for prejudgment interest is appropriate when it is based on the "competent testimony from an [expert] who used generally accepted principles in determining" the appropriate calculation.  82 P.3d 1064, 1070 (Utah 2023); Objs. at 14.  Plaintiff further takes issue with Magistrate Judge Louis's reliance on the Tenth Circuit case *ClearOne Commc'ns, Inc. v. Chiang*, which provides that prejudgment interest is not appropriate where the award estimates "were based on assumptions or speculation regarding what would have happened" had the breach not occurred. 432 F. App'x 770, 774 (10th Cir. 2011); Objs. at 12–13. Plaintiff argues that when *ClearOne* was decided, Utah did not have a prejudgment interest statute, and Utah courts had limited the application of prejudgment interest to only certain types of contracts and not all breach of contract actions. *See* Objs. at 12–13.  Plaintiff asserts that since *ClearOne*, the Utah legislature revised its statute to explicitly authorize prejudgment interest for all claims for breach of contract, and thus the R&R misapplied the relevant legal standard for Utah prejudgment interest disputes. *Id.* at 13.  Plaintiff lastly provides that even if the statute had not been amended, *ClearOne* is distinguishable because that case did not concern a breach of contract action, but a trade secret appropriation, where damages could only be calculated based on a "best approximation" of loss. *Id.*  In the present case, Plaintiff claims that the Court's Findings of Fact & Conclusions of Law exhaustively analyzed every aspect of the damages calculations "with mathematical accuracy." *Id.*

"In diversity cases, the availability and amount of prejudgment interest is ordinarily governed by state law."  *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007); *AE, Inc. v. Goodyear Tire & Rubber Co.*, 576 F.3d 1050, 1055 (10th Cir. 2009).  Accordingly, Utah law governs the availability of prejudgment interest in this case.

Under Utah law, "[p]rejudgment interest may be recovered where the damage is complete,

the amount of the loss is fixed as of a particular time, and the loss is measurable by facts and figures." *Encon Utah LLC*, 210 P.3d at 272 (quoting *Saleh v. Farmers Ins. Exch.*, 133 P.3d 428, 436 (Utah 2006)).  This does not mean "that at the time the damages accrued, all of the damage figures must be known and remain static throughout the litigation." *Id.*  Rather, the focus is "on the measurability and calculability of the damages." *Id.*  "Where damage figures are subject to calculation, ... even if the method of calculating is uncertain, or the damage figures change, prejudgment interest is appropriate."  *Id.*  Notably, "Utah courts are reluctant to award prejudgment interest on lost profits" because "the very nature of lost future profits injects an air of uncertainty and speculation into the calculation of damages," requiring the jury to "speculate . . . what profits would have been generated had the defendant not acted wrongfully." *ClearOne Communs.*, 432 F. App'x at 774–75 (quoting *Anesthesiologists Assocs. of Ogden v. St. Benedict's Hosp.*, 852 P.2d 1030, 1042 (Utah Ct. App. 1993), *rev'd on other grounds*, 884 P.2d 1236 (Utah 1994)). "Damages in such cases do not represent an actual, ascertainable loss; they represent the factfinder's best approximation of that loss."  *Id.* at 774.

Here, the Court agrees with Magistrate Judge Louis's findings that Utah law precludes a finding of prejudgment interest based on lost profits in this case.  First, the Court notes that the R&R, in relying on *ClearOne*, erred when it stated that "Utah does not have a prejudgment interest statute relevant to this dispute." R&R at 5.  The Utah legislature explicitly authorizes prejudgment interest for claims for breaches of contract under Utah Code Ann. § 15-1-1 (West), which was amended after *ClearOne*, and governs the present question of prejudgment interest.  *See Diversified Striping Sys. Inc. v. Kraus*, 516 P.3d 306, 324 (Utah Ct. App. 2022) ("This statute was amended in 2019 to allow for a 10% interest rate for 'a claim for breach of contract.'").  However, the relevant statute is silent as to whether such prejudgment interest is applicable to damages for

lost profits, nor does it alter Utah's existing case law on this question.

Moreover, although the Court found in its Findings of Fact and Conclusions of Law that Plaintiff's expert and witness proffered credible calculations for assessing damages, the amount of loss was not "fixed as of a particular time" and "measurable by facts and figures," but rather relied on certain assumptions about what Plaintiff's future sales would have been. *Encon*, 210 Pd.3d at 272; R&R at 6–7. Specifically, as Magistrate Judge Louis details in the R&R, there were several components of both revenue and costs that were factored into the complex equation to come to an amount of lost profit damages, including an estimation for Plaintiff's merchant discount fees, revenue from finance charges, and revenue from late fees.  R&R at 6.

Furthermore, Plaintiff relies on distinguishable authority, and does not provide any relevant case where a court approved of prejudgment interest on lost profit damages of the type claimed by Plaintiff here.  Specifically, *Smith* involved assessing a damages amount on the valuation of real property, where damages were complete at the time of the loss and did not involve the valuation of lost profit damages that continue beyond the date of the breach.  *Smith*, 82 P.3d at 1069; *See* Resp. at 7.  As noted in the R&R, the estimation of lost profits from a breach of contract is distinguishable from an evaluation of real property's market value.  *See* R&R at 7.  Plaintiff's reliance on *Encon* is equally unpersuasive, where in that case, Plaintiff's work had been completed on a fixed-price contract and for profits on that work at a rate of 10%.  *Encon*, 210 Pd.3d at 274; R&R at 9.  The parties had agreed on both the amount of work that had been completed and on a reasonable profit margin, which, as Magistrate Judge Louis notes, such a calculation of profits were "known, calculable figures and are not similar to the speculative future profits."  *Id.*

Thus, given the "uncertainty and speculation into the calculation of damages," *ClearOne Communs.*, 432 F. App'x at 774, the Court overrules Plaintiff's objections with respect to Utah

law precluding certain prejudgment interest and finds that Plaintiff is not entitled to prejudgment interest of the total award, inclusive of lost profits.

## IV.    CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 202) is ADOPTED.   Plaintiff is awarded prejudgment interest in the amount of $15,149.86.

DONE AND ORDERED in Chambers at Miami, Florida, this  23rd  day of July, 2024.



K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record