UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-21828-KMM

SYNCHRONY BANK,

    Plaintiff,

v.

CABINETS TO GO, LLC,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Defendant Cabinets to Go's, LLC ("CTG") Motion to Approve Supersedeas Bond to Stay Execution (ECF No. 190). This Motion has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion. Having reviewed the Motion, Defendant's Supersedeas/Appeal Bond (ECF No. 190-1) attached thereto, Plaintiff's Notice of Non-Opposition to Defendant's Motion to Approve Supersedeas Bond to Stay Execution (ECF No. 193), the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 190) be **GRANTED.**

Unless the court orders otherwise, execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry. Fed. R. Civ. P. 62(a). At any time after judgment is entered, a party may obtain a stay by providing a bond, which takes effect upon the court's approval. Fed. R. Civ. P. 62(b). "A supersedeas bond or other security staying execution of a money judgment

shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay." S.D. Fla. L.R. 62.1.

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co., v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979). The judgment debtor thus avoids the risk of being unable to recover the amount paid if they succeed on appeal, and the prevailing party is protected from loss resulting from foregoing an execution on the judgment if the appeal is unsuccessful. *Id.* at 1191.

The Court found Plaintiff's damages, after crediting the sum that Plaintiff retained as a result of Defendant's breach, to be $6,135,384.11. (ECF No. 172 at 19.) Defendant filed a Notice of Appeal of this case to the Eleventh Circuit Court of Appeals. (ECF No. 174.)

Defendant has secured a supersedeas bond in the amount of $6,748,923.00 to provide security for interest, costs, and any award of damages for delay. (ECF No. 190-1 at 1.) The value of the supersedeas bond is 110% of the Plaintiff's damages in satisfaction of Local Rule 62.1. (ECF No. 172.) The supersedeas bond is approved by Merchants Bonding Company, Defendant's surety, and the Motion is unopposed by the Plaintiff.[1] Defendant has satisfied the conditions of Federal Rule of Civil Procedure 62(b) and Local Rule 62.1. The Court finds that Defendant's Supersedeas Bond is authorized and appropriate.

Accordingly, the undersigned respectfully **RECOMMENDS** that:

(1) Defendant CTG's Motion to Approve Supersedeas Bond to Stay Execution (ECF No. 190) be **GRANTED;**

---

[1] Plaintiff's Response noted its reservation of its right to seek an order from this Court calculating the amount of prejudgment interest to which it is entitled and an order requiring Defendant to increase the amount of its supersedeas bond accordingly. (ECF No. 193 at ¶10.) The Court has since denied Plaintiff's Motion for prejudgment interest (ECF No. 207).

(2) Defendant's Supersedeas Bond, in the amount of $6,748,923.00, approved and executed by Merchants Bonding Company as Defendant's surety, be **APPROVED;** and,

(3) The execution of the entry of the damage award, *see* (ECF No. 172), be **STAYED** pending resolution of Plaintiff's appeal to the United States Court of Appeals for the Eleventh Circuit.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **THREE (3) DAYS**[2] of being served with this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 29th day of July, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[2] The period to object is shortened in light of the Plaintiff's Notice of Non-Opposition to the granting of the present Motion.