UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-21828-KMM

SYNCHRONY BANK,

    Plaintiff,

v.

CABINETS TO GO, LLC,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Bill of Costs (ECF No. 182), pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3(c). This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, to take all necessary and proper action as required by law with respect to Plaintiff's Motion. (ECF No. 183). Having reviewed the Motion, Response, Reply, and being otherwise fully advised on the matter, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion be **GRANTED, in part.**

**I.    BACKGROUND**

This Report and Recommendation is intended only for the Court and the Parties, who are familiar with the facts giving rise to this dispute. Following a bench trial at which Plaintiff prevailed, this Court entered judgment in its favor. (ECF No. 172). Plaintiff certifies that the parties conferred in compliance with Southern District of Florida Local Rule 7.3(b) and failed to

1

reach an agreement regarding costs. (ECF No. 182-1). Plaintiff now timely moves for an award of taxable costs under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Southern District of Florida Local Rule 7.3(c). (*Id.*).

## II.     LEGAL STANDARD

Unless a federal statute, rule, or court order provides otherwise, the prevailing party should be allowed to recover its costs. Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). But such costs may not exceed those permitted by 28 U.S.C. § 1920. *Id*. Taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See* 28 U.S.C. § 1920.

## III.    DISCUSSION

Plaintiff seeks an award of taxable costs against Defendant in the amount of $21,154.54. Plaintiff seeks: (i) $451.00 in fees of the clerk; (ii) $641.40 in fees for service of summons and subpoena; (iii) $15,161.44 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (iv) $4,900.70 in fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. (ECF No. 182). Defendant partially opposes the request for costs. (ECF No. 184). The Court reviews each category of requested costs for whether Plaintiff may appropriately recover.

### A. Plaintiff is the Prevailing Party

Plaintiff is the prevailing party. "[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (internal quotations omitted). The Court granted summary judgment in Plaintiff's favor on the issue of liability. (ECF No. 91). Following a bench trial to determine Plaintiff's damages, the Court adjudged that Plaintiff is entitled to $6,135,384.11 in damages. (ECF No. 172). Accordingly, Plaintiff is the prevailing party and entitled to an award of taxable costs.

### B. Fees of the Clerk

Plaintiff seeks to tax $451.00 in fees paid to the Clerk of the Court. (ECF No. 182). Plaintiff is entitled to recover "fees of the clerk and marshal" pursuant to 28 U.S.C. § 1920(1). Plaintiff seeks to recover the $402.00 filing fee paid to the United States District Court for the Southern District of Florida and $49.00 for fees paid to the District Court for the Central District of California. The receipt for the filing fee is evidenced on the docket. (ECF No. 1). Plaintiff attaches an email receipt from the District Court for the Central District of California in support of the $49.00 fee. (ECF No. 182, at 4). Plaintiff is entitled to recover $451.00 for fees paid to the Clerks of the Courts.

### C. Fees for Service of Summons and Subpoena

Next, Plaintiff seeks to recover $641.40 in fees for service of summons and subpoena on Wells Fargo and Divyesh Patel. (ECF Nos. 182, 182-1). In this circuit, courts may tax private process server fees pursuant to 28 U.S.C. §§ 1920(1) and 1921(a)(1). *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). But costs awarded for private process fees may not exceed the hourly rate charged by the United States Marshals Service. *See id.* (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996); *United States for the Use and Benefit of Evergreen Pipeline*

3

*Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 172 (2d. Cir. 1996)).  The rate for personal process of service by the U.S. Marshals is $65 per hour.  28 C.F.R. § 0.114(a)(3).

Plaintiff calculates its request for $641.40 in fees for service of summons and subpoena by adding three invoices: a $55.00 invoice for service on Wells Fargo Bank on December 1, 2021; a $325.00 invoice for service on Divyesh Patel on March 5, 2022; and a $261.40 invoice for service on Divyesh Patel on March 14, 2022.  (ECF. No. 182, at 5–7).  The invoices do not specify the number of hours expended by the process server or the number of service attempts made.  Without explanation in its memorandum, Plaintiff paid the process server rush fees and other miscellaneous fees each time it served Patel.  (*Id*).  Where a prevailing party does not provide any information as to the time expended to effectuate service or other out-of-pocket expenses incurred, the court may limit the cost for service to the minimum charged by the U.S. Marshals Service.  *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007); *see also Goldberg v. Fla. Int'l Univ. Bd. of Trs.*, No. 18-20813-CIV, 2020 WL 8340090, at *3 (reducing the award of private process server fees even when non-prevailing party does not object to the requested costs).  Plaintiff may receive no more than $65.00 for service of each subpoena.  Accordingly, Plaintiff is entitled to a total of $185.00: $55.00 for service of subpoena on Wells Fargo and $65.00 for each of the two subpoenas served on Divyesh Patel.

### D.  Fees for Printed or Electronically Recorded Transcripts

Plaintiff seeks to recover $15,161.44 in fees for printed or electronically recorded transcripts, including expedited deposition transcripts, videographer fees, and charges for exhibit technicians.  To be taxable, fees for transcripts must have been "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  "It is not necessary to use a deposition at trial for it to be taxable, but admission into evidence or use during cross-examination tends to show that it was necessarily

4

obtained." *W&O, Inc.*, 213 F.3d at 621.  The burden rests with the non-prevailing party to show that "specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (citing *W&O, Inc.*, 213 F.3d at 621).  Transcript costs "incurred merely for convenience, to aid in thorough preparation, or for purposes of investigation only" are not recoverable under § 1920.  *Tuite v. Carnival Corp.*, No. 23-cv-20614, 2024 WL 3236801, at *2 (S.D. Fla. Mar. 26, 2024).  Reasonable delivery charges for deposition transcripts are taxable.  *Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, No. 06-61231-CIV, 2010 WL 680948, at *14 (S.D. Fla. Feb. 24, 2010) (citing *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1298 (M.D. Fla. 2000)).  But costs incurred for obtaining expedited transcripts are recoverable only for depositions taken within 30 days of the filing deadline.  *See Barrera v. Weiss & Woolrich Southern*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012); *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) ("If an expedited or rough transcript was necessary, the cost is recoverable.").

1.  **Expedited Deposition Transcripts**

Plaintiff seeks to recover a sum of $2,081.25 for the expedited deposition transcripts of Andrew Kaplan, Brian Copps, and Kristina Mellish.  (ECF No. 182, at 9, 11, 20).  Defendant disputes this cost, arguing that Plaintiff has not demonstrated its need for the expedited transcripts.  (ECF No. 184, at 2).  Plaintiff argues that these expedited charges are recoverable because of "an imminent dispositive motion deadline and [Defendant's] decision to take depositions close to the deadlines."  (ECF No. 185, at 1).

Plaintiff was justified in expediting these transcripts.  Courts in this district have upheld awards for expedited transcript costs for depositions taken within 30 days of the deadline to file

5

dispositive motions. *See Barrera*, 900 F. Supp. 2d at 1335; *Alfaro v. Bank of Am., N.A.*, No. 19-22762-CIV, 2021 WL 5920830, at *4 (S.D. Fla. Aug. 3, 2021); *cf. Blanco v. Samuel*, No. 21-cv-24023, 2023 WL 4160667, at *4-5 (S.D. Fla. Apr. 12, 2023) (declining to award expedited transcript costs when Defendants failed to explain why they requested an expedited transcript 4½ months before the dispositive motions deadline). In its scheduling order, the Court instructed that "any and all pretrial motions . . . be filed no later than eighty (80) days prior to the newly scheduled trial date" of June 20, 2022. (ECF No. 36). April 1, 2022, was the deadline to file a motion for summary judgment. Defendant took the Mellish deposition on March 4, the Copps deposition on March 8, and the Kaplan deposition on March 19, 2022. (ECF No. 185). Defendant set these depositions within 30 days of the filing deadline. Therefore, it was necessary to order these transcripts on an expedited basis.

The transcripts were also necessarily obtained for use in the case. "A court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *Monelus*, 609 F. Supp. 2d at 1337 (quoting *W&O, Inc.*, 213 F.3d at 621). Additionally, "taxation of a deposition where the losing party listed the deponent on its witness list" is appropriate. *W&O, Inc.*, 213 F.3d at 621. Plaintiff cited extensively to the depositions of Kaplan and Copps in its Motion for Summary Judgment and Statement of Material Facts. (ECF Nos. 51, 52). And Mellish appeared on Defendant's witness list. (ECF No. 90, at 16). Plaintiff has demonstrated both a need for the expedited deposition transcripts and that they were necessarily obtained for use in the case. Accordingly, Plaintiff should be awarded $2,081.25 in costs for the expedited deposition transcripts of Kaplan, Copps, and Mellish.

### 2. Deposition Transcripts of Pfarrer, Cohen, Delves, Inman, Davis, and Quigley

Plaintiff seeks to recover a sum of $8,345.19 for the deposition transcripts of Kari Pfarrer ($529.80), Avi Cohen ($2, 069.20), Jason Delves ($1,263.30), Melissa Inman ($952.40), Amanda Melissa Davis ($3,361.44), and Richard Quigley ($169.05).[1]  (ECF No. 182, at 8, 10, 16, 18, 21, 22).  Plaintiff cited extensively to the depositions of Cohen, Delves, Inman, and Davis in its Statement of Material Facts.  (ECF No. 51).  Every deponent except Quigley appeared on Defendant's witness list.  (ECF No. 90, at 15–16).  Therefore, these transcripts were necessarily obtained for use in the case.  The undersigned recommends that Plaintiff be awarded $8,320.19 in costs for the non-expedited deposition transcripts.[2]

### 3. Transcript and Videographer Fee for Divyesh Patel's Deposition

Plaintiff seeks to recover $710.00 for the transcript and $400.00 for videographer services for Divyesh Patel's deposition.  (ECF. No. 182, at 17, 19).  Defendant contends that the transcript was not necessarily obtained for use in the case because Plaintiff did not cite to it in its Motion for Summary Judgment, Defendant did not list Patel as a witness, and neither party called Patel as a witness at trial.  (ECF No. 184, at 3).  Defendant argues that because Patel was not employed by Cabinets To Go, LLC during the relevant time period and could not remember events when asked about them, the cost of obtaining the transcript is not recoverable.  (*Id.*)  Defendant does not object to Plaintiff's claim to reimbursement for the videographer fee.  (*Id.* at 4 n.3).  In its reply, Plaintiff argues that Patel, as Defendant's Chief Financial Officer, signed the Second Amendment to the

---

[1] Plaintiff maintains that although several of the transcripts are billed as "ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT," it is not requesting duplicate copies of the transcripts.  (ECF No. 182-1, at 3).
[2] Plaintiff is not entitled to recover the $25.00 "administration fee for read and sign" that appears on the invoice for Melissa Inman's deposition.  (ECF. No. 182, at 18).  Unexplained surcharges associated with a deposition are not recoverable.  *See Harrell v. City of Opa-Locka*, No. 20-cv-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022).

Retailer Program Agreement. (ECF No. 185, at 3). Plaintiff asserts that Patel was potentially a key witness and that he was identified as a witness in the Joint Pretrial Stipulation. (*Id.*)

Defendant bears the burden of showing that this deposition cost was not necessary for use in the case or was unrelated to an issue in the case at the time the deposition was taken. *See, e.g.*, *Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015). "In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken." *Id*. "[E]ven where a deposition is not ultimately used as part of a prevailing party's case, we have held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Watson v. Lake Cnty.*, 492 Fed. App'x 991, 996–97 (11th Cir. 2012). When a party notices a deposition and no objection is raised as to the method of recordation, a court can award the cost of conducting the deposition in the manner noticed. *See id.* at 997. Plaintiff did not cite to the deposition of Mr. Patel in its Motion for Summary Judgment, (ECF No. 51), nor did it include any portion of the deposition in its Statement of Material Facts, (ECF No. 52). Neither party called Patel as a witness at trial. Patel did not appear on Defendant's witness list found in the Joint Pretrial Stipulation (ECF No. 90, at 15-16). However, Defendant did not object to Plaintiff's listing of Patel on its witness list. *See* (*id.* at 16). Although Patel's deposition was not critical to Plaintiff's success, Defendant has not met its burden to show that the deposition was unrelated to an issue in the case at the time it was taken. *See Stevenson v. City of Sunrise*, No. 18-CV-62404, 2020 WL 13612726, at *3 (S.D. Fla. June 15, 2020) (finding deposition transcript costs taxable even when the transcript was not used at summary judgment and the deposition was scheduled by the prevailing party). Thus, the undersigned recommends that Plaintiff be awarded fees incurred in taking the deposition of Divyesh Patel.

8

However, Plaintiff has not demonstrated the necessity for both a deposition transcript and a video or that it is entitled to recover the cost of both. "[W]here reimbursement for [two] methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Harrell v. City of Opa-Locka*, No. 20-cv-21927, 2022 WL 1609090, at *6. Absent an explanation from Plaintiff as to why both methods of recording Patel's deposition were necessary, Plaintiff may not recover both $710.00 for the deposition transcript and $400.00 for the videographer's services. *See id.* (declining to tax videography services when prevailing party did not "explain why it was necessary to obtain both a video recording and a transcript of [the] deposition"); *Witbart v. Mandara Spa (Hawaii), LLC*, No. 18-cv-21768, 2022 WL 1241439, at *4 (S.D. Fla. Apr. 12, 2022) ("Defendant provides no explanation as to why both transcripts and videotapes of the depositions were necessary."). Plaintiff provided notice that Patel's deposition would be recorded by video. Defendant does not object to Plaintiff's claim of entitlement to the cost of video recording. Accordingly, the undersigned recommends that Plaintiff be awarded $400.00 in videographer fees only.

### 4. "Exhibit Tech" Fees

Plaintiff seeks to recover $3,450.00 in fees for the services of an "exhibit technician" who assisted with the depositions of Jason Delves, Melissa Inman, and Avi Cohen. Plaintiff argues that the technician assisted with the exhibits at the videoconference depositions by "sharing screens, assisting attorneys with sharing exhibits, and providing general technology support." (ECF No. 182, at 4). Defendant argues that Plaintiff is not entitled to recover costs incurred for convenience of counsel. (ECF No. 184). Plaintiff responds that these fees were not incurred for convenience of counsel, but rather were necessary due to the length and complexity of the exhibits used at the depositions, all of which were conducted remotely. (ECF No. 185).

9

Plaintiff's exhibit technician costs were incurred for its convenience. "If a deposition cost was incurred merely for convenience, . . . then the cost is not recoverable." *Tuite*, 2024 WL 3236801, at *2. Courts have regularly disallowed unnecessary fees for technical support, videoconference software, and use of loaner laptops. *See, e.g.*, *Jiangmen Benlida Printed Cir. Co., Ltd., v. Circuitronix, LLC*, No. 21-60125-CIV, 2024 WL 3204293, at *5 (S.D. Fla. Feb. 13, 2024); *Bucklew v. Charter Commc'ns, LLC*, No. 8:19-cv-2029, 2021 WL 3621892, at *3 (M.D. Fla. July 16, 2021). The explanation that Plaintiff offers for the use of the exhibit technician demonstrates that it was for convenience of counsel. Therefore, it is not compensable.

Plaintiff cites *Blanco v. Samuel*, No. 21-cv-24023, 2023 WL 4160667 (S.D. Fla. Apr. 12, 2023) in support of its argument that it is entitled to recover "exhibit tech" fees. (ECF No. 185, at 2). In that case, the court allowed the prevailing party to recover a "Videoconference Participation Fee w/ Support" in the amount of $25.00. *Id.* at *6. The fee was for the court reporter's attendance, which was "strictly necessary" for the deposition to take place. *Id.* But there, the prevailing party provided a "reasonable explanation for why [it] incurred this cost," which was the necessity of taking of depositions via videoconference because of the Covid-19 pandemic. *Id.* Neither the amount sought nor the prevailing party's explanation of necessity in *Blanco* is analogous to this case. Here, Plaintiff seeks $3,450.00 in costs. It argues that the technician was necessary because the deposition exhibits were lengthy and complicated. The exhibit technician costs were a convenience, not a necessity. As such, Plaintiff is not entitled under § 1920 to recover the $3,450.00 in "exhibit tech" fees.

### 5. Certificate of Non-Appearance for Divyesh Patel

Plaintiff seeks $175.00 for the certificate of non-appearance for Divyesh Patel. (ECF No. 182, at 15). "Certificates of non-appearance are taxable so long as the deposition in question was

10

necessary." *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL 8402872, at *6 (S.D. Fla. July 29, 2019); *see also Maranon v. Scottsdale Ins. Co.*, No. 1:21-cv-21785, 2022 WL 18401952, at *3 (S.D. Fla. Nov. 21, 2022). The undersigned recommends awarding Plaintiff $175.00 for the certificate of nonappearance for Divyesh Patel.

### E. Copying Costs

Plaintiff seeks to recover $4,900.70 in copying costs. (ECF No. 182, at 1). Taxable costs include "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copying costs are recoverable if "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623. "The cost of photocopies attributable to discovery, as well as copies of pleadings, correspondence, copies of exhibits and copies prepared for the court may all be recoverable; the key is whether they were necessarily obtained." *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *6 (S.D. Fla. Feb. 9, 2012). Plaintiff submitted invoices for its copying costs (ECF No. 182, at 24–30). Though Plaintiff's records do not specify which documents they copied, Defendant does not dispute Plaintiff's entitlement to recover these costs. (ECF No. 184). The undersigned therefore recommends awarding $4,900.70 in copying costs.

### IV. RECOMMENDATIONS

Based on the foregoing, that the undersigned respectfully **RECOMMENDS**:

(1) Plaintiff's Bill of Costs (ECF No. 182) be **GRANTED, in part.**

(2) Pursuant to 28 U.S.C. §§ 1920 and 1921, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3(c), the Court recommends that an award of taxable costs be entered in favor of Plaintiff Synchrony Bank, and against Defendant

Cabinets To Go, LLC, in the amount of **$16,513.14**, consisting of (i) $451.00 in fees of the Clerk, (ii) $185.00 in fees for Service of summons and subpoena, (iii) $10,976.44 for fees for printed or electronically recorded transcripts, and (iv) $4,900.70 for the cost of making copies and printing.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 5th Day of August, 2024.

                                                           LAUREN F. LOUIS
                                                           UNITED STATES MAGISTRATE JUDGE

cc:    Honorable K. Michael Moore
        Counsel of Record