UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-21828-KMM

SYNCHRONY BANK,

    Plaintiff,

v.

CABINETS TO GO, LLC,

    Defendant.
                                      /

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Plaintiff Synchrony Bank's ("Plaintiff") Motion for Bill of Costs (ECF No. 182), and Defendant Cabinet to Go, LLC's ("Defendant") Motion to Approve Supersedeas Bond to Stay Execution (ECF No. 190). The Court referred the Motions to the Honorable Lauren F. Louis, United States Magistrate Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation. (ECF Nos. 183, 199). On August 5, 2024, Magistrate Judge Louis issued a Report and Recommendation as to Plaintiff's Motion for Bill of Costs ("Bill of Costs R&R") (ECF No. 209), recommending that the Motion be GRANTED, in part. *See* Bill of Costs R&R at 11. On July 31, 2024, Magistrate Judge Louis issued a Report and Recommendation as to Defendant's Motion to Approve Supersedeas Bond to Stay Execution ("Supersedeas Bond R&R) (ECF No. 208), recommending that the Motion be GRANTED. Neither Defendant nor Plaintiff objected to the R&Rs. The matter is now ripe for review. As set forth below, the Court ADOPTS the Bill of Costs R&R and the Supersedeas Bond R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

In the Supersedeas Bond R&R, Magistrate Judge Louis recommends granting Defendant's Motion to approve Defendant's supersedeas bond in the amount of $6,748,923.00 and to stay the execution of the entry of the damage award pending the resolution of Plaintiff's appeal to the Eleventh Circuit. Supersedeas Bond R&R at 2–3. Namely, Magistrate Judge Louis states that "Defendant has satisfied the conditions of Federal Rule of Civil Procedure 62(b) and Local Rules 62.1" and thus Defendant's supersedeas bond is authorized and appropriate. *Id.*

In the Bill of Costs R&R, Magistrate Judge Louis recommends that Plaintiff be awarded a total of $16,513.14 in taxable costs entered against Defendant, consisting of (i) $451.00 in fees of the Clerk, (ii) $185.00 in fees for Service of summons and subpoena, (iii) $10,976.44 for fees for printed or electronically recorded transcripts, and (iv) $4,900.70 for the cost of making copies and printing. Bill of Costs R&R at 12.

The Court received no objections to the R&Rs. Upon a review of the record, the Court finds no clear error with Magistrate Judge Louis's findings.

Accordingly, UPON CONSIDERATION of the Motions, the Supersedeas Bond R&R, the Bill of Costs R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. The Supersedeas Bond R&R (ECF No. 208) is **ADOPTED**;

2. Defendant's Motion to Approve Supersedeas Bond to Stay Execution (ECF No. 190) is **GRANTED**;

3. Defendant's Supersedeas Bond, in the amount of $6,748,923.00, approved and executed by Merchants Bonding Company as Defendant's surety, is **APPROVED**;

4. The execution of the entry of the damage award, *see* (ECF No. 172), is **STAYED** pending resolution of Plaintiff's appeal to the United States Court of Appeals for the Eleventh Circuit;

5. The Bill of Costs R&R (ECF No. 209) is **ADOPTED**;

6. Plaintiff's Motion for Bill of Costs (ECF No. 182) is **GRANTED**, **in part**; and

7. Plaintiff is awarded a total of **$16,513.14** in taxable costs, consisting of (i) $451.00 in fees of the Clerk, (ii) $185.00 in fees for Service of summons and subpoena, (iii) $10,976.44 for fees for printed or electronically recorded transcripts, and (iv) $4,900.70 for the cost of making copies and printing.

DONE AND ORDERED in Chambers at Miami, Florida, this  21st  day of August, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE